STEEL, INC. *v.* UNITED STATES (No. 4257) [1]

United States Court of Customs and Patent Appeals, May 29, 1940

*Lawrence A. Harper* (*Abraham Gottfried* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott*, special attorney, of counsel), for the United States.

[Oral argument February 5, 1940, by Mr. Gottfried and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, holding certain forged steel balls dutiable as parts of machines at 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as assessed by the collector at the port of Los Angeles, rather than as forgings of steel at 25 per centum ad

[1] C. A. D. 128.

valorem under paragraph 319 (a) of that act as claimed by the importer—appellant.

Paragraph 372, so far as pertinent, and paragraph 319 (a) read:

PAR. 372. * * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: *Provided*, That parts, not specially provided for, wholly or in chief value of metal or porcelain, of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts: * * *.

PAR. 319 (a) Iron or steel anchors and parts thereof; forgings of iron or steel, or of combined iron and steel, not machined, tooled, or otherwise advanced in condition by any process or operation subsequent to the forging process, not specially provided for, 25 per centum ad valorem.

It appears from the evidence submitted by appellant that the involved forged steel balls, of which Exhibit 1 is representative, have not been machined, tooled, or otherwise advanced in condition by any process or operation subsequent to the forging process, and that they are used in ore-grinding mills for the purpose of pulverizing ore.

Appellant's witness Scovill E. Hollister, a metallurgical engineer in the employ of the Southwestern Engineering Co. of Los Angeles, referring to articles like those here involved, said: "They are charged into the mill along with the ore and with water, and when the mill is put into operation the balls, by abrasion, attrition, and by impact, cause the ore to be broken down. I said with water. That is not necessarily essential. Ore may be ground without water. * * * They are charged in by hand, usually after the first charge has been put into the mill, by adding a definite weight of balls daily, either with the feed or through the discharging end of the mill." The witness also stated that the mill in which balls like those here involved are used "is a drum, being cylindrical or a cylindro-conical drum." It appears from the testimony of the witness Hollister and appellant's witness Dwight L. Sawyer, a mining engineer and geologist employed by the Golden Queen Mining Co., that, although balls like those here involved are "much more predominantly used" in ore-grinding mills, they had seen such substitutes as "pebbles" (which apparently is a trade term for "rocks" "which have been merely sized and have not been prepared in any manner,") "steel bits," "short cylindrical steel shapes," "miscellaneous steel waste parts," "flint pebbles," and "chunks of ore" used in their stead. Those witnesses did not state, however, how extensively articles other than steel balls are used, and, so far as it can be ascertained from the record, their use may be inconsiderable and fugitive, although, when asked whether large pieces of ore were frequently used in place of iron balls, the witness Hollister stated that they were "under certain conditions where it is more economical not to use steel balls." In answer to the query: "* * * with reference to the capital assets of such a plant [presumably an ore grinding mill], * * * how are forged balls treated?" the

witness Hollister stated that they are carried as "expendible supplies" rather than as "spare parts."

It further appears from the record that ore-grinding mills are bought and sold without forged steel balls.

It appears from an examination of Exhibit 1 that the balls in question are approximately 15⁷⁄₁₀ inches in circumference and weigh 18¾ pounds each.

In its decision, the trial court followed the decision of this court in the case of *Steel, Inc.* v. *United States*, 24 C. C. P. A. (Customs) 423, T. D. 48872, wherein this court held that forged steel grinding balls "used solely in grinding mills for the purpose of pulverizing ore or cement" were dutiable under paragraph 372, *supra*, as parts of machines.

In our decision in the *Steel, Inc.* case, *supra*, we quoted from our decision in the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, wherein it was held that tripods were not parts of cameras, as follows: "It is a well-established rule that a 'part' of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*," and said:

In that case the camera would operate as a camera without the tripod, but in the case at bar the machine will not operate as a grinding mill without steel balls or a distinctive kind of hard rock. Eliminating for the moment consideration of the rock, the steel balls are a component part of the grinding mill without which it could not function as a grinding mill.

And, in answer to the argument presented by counsel for the importer that as certain hard rock might be substituted therefor, the steel balls there involved were not integral, constituent, or component parts of grinding machines, the court said:

The more serious of appellant's contentions is that it is optional, according to the testimony, for the user of a grinding mill to use steel balls such as are here involved or an imported hard rock, and that therefore steel balls are not indispensable to the operation of the grinding mill. We have given this matter consideration and conclude that the mere fact that two articles each serving the same purpose may be optionally used for the completion of a machine does not prevent each of said articles from being a part of a machine. We would observe at this point, however, that the testimony is very meager as to the use of rock. It does not appear whether it is processed into distinct forms or otherwise, or whether it is used in its natural state. Therefore, whether such hard rock may be considered, generally speaking, as parts of machines we need not here determine. It is sufficient to say that, in order for an article to be a part of a machine, it is not necessary that there be no substitute for such article.

\*          \*          \*          \*          \*          \*          \*

Inasmuch as the steel balls here involved were manufactured solely for use in grinding mills, and had no other use, and as such steel balls or equivalent articles

are necessary for the completion of a grinding mill and indispensable to its use, we are in agreement with the trial court that the imported balls are parts of machines, and hold that its judgment should be, and it is, *affirmed*.

In the case of *Steel, Inc.* v. *United States, supra*, it appeared from the evidence that the steel balls there involved were manufactured solely for use in grinding mills, and that they had no other use.

Although in the instant case there is no such evidence, it does appear from the record, as hereinbefore noted, that the involved articles are used in ore-grinding mills for the purpose of pulverizing ore. Accordingly, there being no evidence to the contrary, it may be presumed that the involved articles were manufactured solely for use in ore-grinding mills, and that they have no other use.

Counsel for appellant contend here that as large chunks of ore and other articles, hereinbefore enumerated (several of which were not involved in the *Steel, Inc.* case, *supra*), are, to some extent and under certain conditions, used as substitutes for forged steel balls like those here involved, the use of such steel balls is optional with the user of the ore-grinding mill and, therefore, the forged steel balls are not integral, constituent, or component parts of ore-grinding mills (machines).

We have given careful consideration to the views expressed here by counsel for appellant; nevertheless, we are of opinion that the decision in the instant case is controlled by our decision in the case of *Steel, Inc.* v. *United States, supra*, and that the involved forged steel balls are, for the reasons stated in our decision in that case, parts of machines and dutiable as such under paragraph 372, *supra*.

The judgment of the United States Customs Court is *affirmed*.